U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV - 4 2013
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHELLE YVETTE LEE | § | |
| | § | |
| VS. | § | NO. 4:13-CV-492-A |
| | § | (NO. 4:10-CR-144-A-2) |
| UNITED STATES OF AMERICA | § | |
| | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of Michelle Yvette Lee ("movant") pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having reviewed the motion, the record, the government's response,[1] and applicable legal authorities, the court concludes that the motion should be denied.

I.

Background

On October 4, 2010, a jury convicted movant of possession of more than 5 grams of pure methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(B)(1)(B) and possession of more than 50 grams of pure methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(B)(1)(A). On January 21, 2011, the

---

[1] As of the date of the signing of this memorandum opinion and order, movant has filed nothing in reply to the government's response. According to this court's order signed on June 20, 2013, the deadline for filing such a reply was August 5, 2013.

court sentenced movant to a term of imprisonment of 360 months for each count, to run concurrently, and to be followed by a five-year term of supervised release for each count, to run concurrently. Movant appealed, and the Fifth Circuit Court of Appeals affirmed movant's convictions. Movant did not seek certiorari review. Movant timely filed her § 2255 motion on July 16, 2013.

## II.

### Grounds of the Motion

Movant appears to be claiming ineffective assistance of counsel based on the alleged actions of her co-defendant's attorney, Mr. Smythe. Movant's sole ground for relief is that Mr. Smythe did not advise movant that "movant's co-defendant would have provided favorable testimony on Movant's behalf had their cases been severed and Movant tried separately." Mot. at 7. Movant alleges that her co-defendant informed Mr. Smythe that he desired severance but that Mr. Smythe "incorrectly told" movant's co-defendant that severance was not possible. Id. Movant claims that had she known such information, "she would have requested a severance" and her co-defendant "would have testified at Movant's trial that Movant was innocent." Id.

2

III.

Analysis

A.  Legal Standard for 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992). A defendant can challenge her conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for her procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974).

3

B. <u>Ineffective Assistance of Counsel Claim</u>

To prevail on an ineffective assistance of counsel claim, movant must show (1) that counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). Both prongs of the <u>Strickland</u> test must be met to demonstrate ineffective assistance. <u>Id.</u> at 697. Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." <u>United States v. Stewart</u>, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," <u>Harrington v. Richter</u>, 131 S. Ct. 770, 792 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." <u>Cullen v. Pinholster</u>, 131 S. Ct. 1388, 1403 (2011) (quoting <u>Strickland</u>, 466 U.S. at 686)). Judicial scrutiny of this type of claim must be highly deferential, and the defendant must overcome a strong presumption that her counsel's conduct falls within the wide range of reasonable professional assistance. <u>Strickland</u>, 466 U.S. at 689.

4

In her sole ground for relief, movant faults her co-defendant's attorney, Mr. Smythe, for failing to advise movant that her co-defendant desired a severance and would have testified favorably at movant's separate trial. However, movant has failed to allege that she had an attorney-client relationship with Mr. Smythe and has thus failed to show that Mr. Smythe had any obligation or right to inform movant of his client's desires. See Wilson v. Parker, 515 F.3d 682, 707 (6th Cir. 2008) ("Logically, Wilson cannot show ineffective assistance by Robinson because she did not represent him."); Bajoa v. U.S. Dep't of Immigration & Naturalization, 855 F.2d 860 (9th Cir. 1988) (unpublished opinion) ("To prove ineffective assistance of counsel, a party must first demonstrate that an attorney-client relationship existed."). Therefore, movant has not alleged any actions by Mr. Smythe that fell below an objective standard of reasonableness as to movant. Further, movant makes no allegations whatsoever regarding any of the actions of her own counsel, who, according to the court's record, was Warren St. John. Accordingly, movant's claim for ineffective assistance of counsel must fail.

IV.

<u>Order</u>

Therefore,

The court ORDERS that the motion of Michelle Yvette Lee to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED November 4, 2013.

_____
JOHN McBRYDE
United States District Judge